# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMY RHOADS, : | |
|     Plaintiff, : | |
| v. : | CIVIL ACTION NO. 17-4471 |
| ANDREW SAUL, : | |
| Commissioner of Social Security,[1] : | |
|     Defendant. : | |

## ORDER

Plaintiff Amy Rhoads seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner of the Social Security Administration ("the Commissioner"), denying her claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") benefits under Titles II and XVI of the Social Security Act. The Court referred the case to United States Magistrate Judge Carol Sandra Moore Wells, who has issued a Report and Recommendation ("R&R") that Plaintiff's request for review be denied. Plaintiff has filed objections to the R&R, to which the Commissioner has responded. For the reasons discussed below, the objections will be overruled and the R&R will be approved and adopted.

## I. BACKGROUND

Plaintiff applied for DIB and SSI based on alleged physical and mental health problems. After the claim was denied, Plaintiff requested a hearing. The ALJ determined that Plaintiff "has the following severe impairments: degenerative disc disease of the lumbar spine, status post arthroscopic right knee surgery, migraines, obesity, a major depressive disorder and a personality disorder."[2]

In determining Plaintiff's Residual Functional Capacity ("RFC"), the ALJ considered

---

[1] Substituted pursuant to Fed. R. Civ. P. 25(d).
[2] R. at 26.

Plaintiff's testimony which detailed how her impairments impacted her life and did not allow her to work.[3] The ALJ determined, however, that although her "medically determinable impairments could reasonably be expected to cause the alleged symptoms" her "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record."[4]

The ALJ also considered opinion evidence from several doctors. Relevant to this case, the ALJ gave little weight to the opinion of Plaintiff's primary care provider, Dr. Thomas Anderson, who in 2014 indicated that Plaintiff was temporarily disabled, and in 2015 indicated that Plaintiff had severe limitations which would not allow her to work a full work week. Dr. Anderson also opined that Plaintiff would be absent from work about three times a month and would need unscheduled breaks lasting about 15 minutes. However, the ALJ concluded that Dr. Anderson's opinions were not consistent with the medical evidence as a whole and with his treatment records.[5]

The ALJ gave considerable weight to the opinion of Dr. Spencer Long, a consultative examiner. The ALJ explained that Dr. Long:

> [O]pined [that Plaintiff] could lift and carry up to ten pounds; could sit eight hours in an eight-hour workday; stand 15 minutes in an eight-hour workday; and walk 45 minutes in an eight-hour workday. He further indicated she could occasionally reach and push/pull with her hands and frequently reach, handle, finger and feel. She could occasionally operate foot controls bilaterally. As for postural activities, the claimant could never climb ladders or scaffolds; occasionally climb stairs and ramps, stoop, kneel, crouch and crawl and frequently balance. Further, the claimant could have frequent exposure to humidity and wetness and occasional exposure to unprotected heights, moving mechanical parts, operating a motor vehicle, dust, odors, fumes, pulmonary irritants, extreme cold and heat, and vibrations (49F). On examination, he noted the claimant had a normal gait, but she could not walk on her heels or toes. She was unable to do a full squat, had normal station, and did not use an assistive device. She had positive bilateral

---

[3] R. at 30-31.
[4] R. at 31.
[5] R. at 34-35.

straight leg raises, full strength in the bilateral lower extremities, no joint deformity and stable joints.[6]

However, the ALJ did not credit some of Dr. Long's more restrictive opinions, including that Plaintiff could only stand for 15 minutes and walk for 45 minutes in an eight-hour day.[7]

In addition to the medical evidence,[8] the ALJ addressed Plaintiff's mother's third-party report. The ALJ explained that he gave this report "limited weight" because "[w]hile these observations are certainly valuable in assessing the nature and severity of the claimant's impairments, they offer little probative value in determining the claimant's residual functional capacity. The undersigned has duly considered them as directed by the Regulations, but notes that these statements were composed by a party sympathetic to the claimant and must be viewed as such."[9]

The ALJ determined that Plaintiff has the RFC to:

[P]erform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she can occasionally climb ramps or stairs, but never climb ladders, ropes or scaffolds. She can occasionally balance, stoop, kneel, crouch or crawl. [Plaintiff] is able to understand, remember and carry out simple instructions, and she can make judgments on simple, work-related decisions. She can respond to usual work situations and to changes in a routine work setting. [Plaintiff] can have only occasional interaction with the public, and she can interact appropriately with coworkers and supervisors in a routine work setting. She can maintain attention and concentration in two-hour segments over an eight-hour workday, and she can complete a normal workweek without interruptions from psychologically or physically based symptoms.[10]

---

[6] R. at 35.
[7] R. at 1419.
[8] The ALJ also gave little weight to the opinion of Dr. Francis Murphy—who reviewed the record for the agency and determined that Plaintiff had "no medically determinable mental impairment"—as she rendered her opinion before the record was complete and considerable weight to the opinion of Dr. Elizabeth Hoffman, who also reviewed the record for the agency and opined that Plaintiff's mental impairments caused "moderate restriction of activities of daily living and concentration, persistence and pace, mild restriction of social functioning and no episodes of decompensation" and that Plaintiff was "moderately limited in the ability to carry out detailed instructions; maintain attention and concentration for extended periods; and to respond appropriately to changes in work settings." R. at 34. However, Plaintiff does not raise any issues regarding these opinions.
[9] R. at 34.
[10] R. at 29-30.

Based both on the RFC and a vocational expert's testimony, the ALJ determined that Plaintiff was not disabled because she was "capable of making a successful adjustment to other work that exists in significant numbers in the national economy."[11] Plaintiff then filed suit in this Court arguing that 1) the ALJ failed to provide adequate explanation for rejecting opinions rendered by Drs. Anderson and Long; 2) the ALJ rejected her testimony concerning her limitations, without providing a reasonable explanation; and 3) the ALJ failed to provide a reasonable explanation for rejecting the third-party report submitted by her mother.

The R&R recommended that the ALJ's decision be affirmed. First, the R&R explained that because the RFC is a matter reserved for the Commissioner, "an ALJ need not afford any weight to a doctor's opinion about the claimant's RFC"[12] and "is free to assess each component of the claimant's RFC without any need for a doctor to corroborate his findings."[13] Second, the R&R explained that substantial evidence corroborated the ALJ's decision to "not fully credit Plaintiff's testimony concerning her limitations."[14] Third, the R&R determined that "although the ALJ failed to adequately explain the weight he accorded to [Plaintiff's mother's] statement, this error was harmless."[15] The R&R further explained that "the ALJ identified substantial evidence to explain why he only accepted Plaintiff's testimony to the extent it comported with his assessment of her RFC" and that Plaintiff's mother's statement "does not affect the substantiality of the evidence the ALJ cited in support of his RFC assessment."[16]

---

[11] R. at 37.
[12] R&R at 9 (citing *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 203 n.2 (3d Cir. 2008)).
[13] *Id.* (citing *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 362 (3d Cir. 2011)).
[14] *Id.* at 10.
[15] *Id.* at 11.
[16] *Id.* at 11-12.

## II.  DISCUSSION[17]

### A.  Objection One: "The ALJ Rejected Medical Opinion Evidence Without Reasonable Explanation"

As the R&R explained, an "ALJ is not precluded from reaching RFC determinations without outside medical expert review of each fact incorporated into the decision."[18] Moreover, "[t]here is no legal requirement that a physician have made the particular findings that an ALJ adopts in the course of determining an RFC. Surveying the medical evidence to craft an RFC is part of the ALJ's duties."[19] "An ALJ, therefore, is not limited to choosing between competing opinions in the record, and may instead develop his own."[20] Here, because the ALJ properly considered all of the medical opinion evidence and determined that Plaintiff's back and knee had improved post-surgery,[21] he was entitled to only credit certain opinions of the various doctors in reaching the RFC determination.

### B.  Objection Two: "The ALJ Rejected Plaintiff's Testimony Without Reasonable Explanation"

"An ALJ may reject a claimant's subjective testimony if he does not find it credible so

---

[17] A district court reviews those sections of the R&R to which objections have been filed *de novo*, and may "accept, reject, or modify, in whole or in part, the findings or recommendations" of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). Although the review is *de novo*, the court is permitted by statute to rely on the magistrate judge's proposed recommendation to the extent the court, in its exercise of sound discretion, deems proper. *See United States v. Raddatz*, 447 U.S. 667, 676 (1980). This Court's review of the denial of disability benefits is limited to determining whether the denial is supported by substantial evidence. *See Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotations and citations omitted). This standard is "less than a preponderance of the evidence but more than a mere scintilla." *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004).
[18] *Chandler*, 667 F.3d at 362.
[19] *Titterington v. Barnhart*, 174 F. App'x 6, 11 (3d Cir. 2006); *see also Myers v. Berryhill*, 373 F. Supp. 3d 528, 538 (M.D. Pa. 2019) ("Nothing in the Social Security Act or governing regulations requires the ALJ to obtain matching 'opinion' evidence in order to fashion a claimant's RFC. The controlling regulations are explicit that the formulation of a claimant's RFC from the broad record before him is an administrative responsibility for the ALJ, not a treating or other physician.").
[20] *Myers*, 373 F. Supp. 3d at 538 (quoting *Glass v. Colvin*, No. 14-237, 2015 WL 5732175, at *1 n.1 (W.D. Pa. Sept. 30, 2015)).
[21] R. at 34-35.

5

long as he explains why he is rejecting the testimony."[22] As the R&R explained, the ALJ supplied substantial evidence for his determination that the medical evidence and the other evidence in the record was not consistent with Plaintiff's subjective testimony about the "intensity, persistence and limiting effect" of her symptoms.[23]

The ALJ explained that Plaintiff's neurosurgeon and x-rays indicated that her back had improved dramatically after surgery and that her back pain was limited to "persistent mild soreness in her low[er] back well controlled with Advil."[24] Likewise, the ALJ detailed that the record showed that Plaintiff had "excellent range of motion of the right knee, status post arthroscopic knee surgery."[25] The ALJ also explained that he adjusted the RFC for Plaintiff's obesity and that the record reflected that medication effectively treated her migraines.[26] With regard to Plaintiff's mental impairments, the ALJ comprehensively summarized the record and explained that he considered Plaintiff's "depression and personality disorder within the" RFC.[27] Moreover, the ALJ described Plaintiff's daily activities—including driving, shopping, and going to the gym—and explained that they were "not limited to the extent one would expect given the complaints of disabling symptoms and limitations." Therefore, the ALJ properly explained why he was rejecting Plaintiff's testimony to the extent that it differed from the RFC.

### C. Objection Three: "The ALJ Rejected A Statement From Plaintiff's Mother Without Reasonable Explanation"

As the R&R explained, an ALJ is required to "consider and weigh all of the non-medical evidence before him."[28] Plaintiff asserts that the ALJ's reason for providing Plaintiff's mother's

---

[22] *Snedeker v. Comm'r of Soc. Sec.*, 244 F. App'x 470, 474 (3d Cir. 2007).
[23] R. at 31.
[24] *Id.*
[25] R. at 32.
[26] R. at 32-33.
[27] *Id.*
[28] *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 122 (3d Cir. 2000) (citations omitted).

6

report "limited weight" lacked a reasonable explanation because it was based on the fact that Plaintiff's mother was sympathetic to her.[29] However, the ALJ did consider Plaintiff's mother's report. He explained that the report was "valuable in assessing the nature and severity of [Plaintiff's] impairments" and that he "duly considered" the report "as directed by the Regulations."[30] However, as explained above, the ALJ determined that the medical evidence and other evidence in the record did not support the subjective statements from Plaintiff and her mother about the extent of Plaintiff's limitations. Accordingly, the ALJ stated that the report offered "little probative value in determining" Plaintiff's RFC.[31] The ALJ therefore considered the report, and although, as the R&R noted, the fact that a lay witness is naturally sympathetic to the claimant should not be a basis for wholesale rejection of the lay opinion, the ALJ here focused on the substantial evidence supporting the RFC and determined that the opinion did not affect it.

**AND NOW**, this 26th day of February 2020, upon consideration of Plaintiff's Complaint against the Commissioner of the Social Security Administration [Doc. No. 3], the Answer to the Complaint [Doc. No. 11], Plaintiff's Brief and Statement of Issues in Support of Request for Review [Doc. No. 14], the Commissioner's Response to Request for Review [Doc. No. 19], Plaintiff's Reply to Response [Doc. No. 20], the R&R of United States Magistrate Judge Carol Sandra Moore Wells [Doc. No. 21], Plaintiff's Objections to the R&R [Doc. No. 22], and the Commissioner's Response thereto [Doc. No. 24], and after careful, independent review of the complete administrative record, it is hereby **ORDERED** that:

1. The Clerk is directed to **REMOVE** the case from Civil Suspense;

---

[29] Plaintiff's Brief and Statement of Issues in Support of Request for Review [Doc. No. 14] at 11-13.
[30] *Id.*
[31] *Id.*

7

2. Plaintiff's Objections to the R&R [Doc. No. 23] are **OVERRULED**;

3. The R&R [Doc. No. 22] is **APPROVED and ADOPTED**; and

4. The Complaint will be dismissed by separate Order.

It is so **ORDERED.**

        **BY THE COURT:**

        **/s/ Cynthia M. Rufe**
        _____
        **CYNTHIA M. RUFE, J.**